

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| LEROY PEARSON, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:18-946-MGL |
| § | |
| OWEN ELECTRIC STEEL COMPANY OF § | |
| SOUTH CAROLINA, § | |
|     Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION TO DISMISS,**
**AND DENYING PLAINTIFF'S REQUEST TO AMEND**

Plaintiff Leroy Pearson (Pearson) filed this job discrimination action against Defendant Owens Electric Steel Company of South Carolina (Owen Electric), his former employer. The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting Owen Electric's motion to dismiss be granted. The Magistrate Judge prepared the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 14, 2018, Pearson filed his objections on May 22, 2018, and Owen Electric filed its reply on May 31, 2018. Having carefully reviewed the objections, the Court holds them to be without merit. It will therefore enter judgment accordingly.

In June of 2017, Pearson filed a lawsuit against Owen Electric claiming a violation of the federal Family Medical Leave Act (FMLA) and the state workers' compensation statute. *See Pearson v. Owen Electric Steel Co. of S.C.*, C/A No. 3:17-1943-MBS (Pearson I). The allegations in Pearson I arise from an injury Pearson sustained in June of 2016 and Owen Electric's employment actions following his injury. On January 12, 2018, Judge Seymour dismissed Pearson I with prejudice.

This lawsuit, Pearson II, is based on Owens Electric's alleged violations of the American Disabilities Act (ADA). The Magistrate Judge recommends Owen Electric's motion to dismiss be granted on the basis this lawsuit is barred by the doctrine of res judicata.

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. at 354 (citation omitted) (internal quotation marks omitted) (alteration omitted).

Pearson posits two specific objections to the Report. First, he argues the Magistrate Judge erred in suggesting he could have brought his ADA claim when he brought his FMLA claim. Objections 1. According to Pearson, he "did not receive his right-to-sue letter on his ADA claim from the EEOC until after [Judge Seymour] dismissed Pearson I with prejudice, and therefore could not bring his ADA claim in conjunction with his claim under Pearson I." *Id*. The Court is unconvinced.

As the Magistrate Judge recognized, "Pearson's Complaint in Pearson II shows that his ADA claims are based on the same transaction or series of transactions as his claims in Pearson I—his injury in June 2016 and [Owens Electric's] subsequent actions with regard to his employment." Report 4. In fact, Pearson concedes the events in the Pearson I and Pearson II "occurred during a similar time period." Pearson's Response to Owen Electric's Motion to Dismiss 6.

In *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004), the Fifth Circuit was presented with a similar set of facts. According to the *Davis* court, "the claims precluded in Davis II were so connected in time and space with the claims in Davis I, that they could have, and should have, been brought in the first action to create a single, convenient trial unit." *Id* at 314.

The *Davis* court continued: "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims." *Id*. at 316 (citation omitted) (internal quotation marks omitted). "Because the barred claims arose from the same nucleus of operative fact as the claims in Davis I and they predate that action, Appellants were on notice to include those claims in Davis I." *Id*. "To prevent their claims from being precluded, Appellants could have requested a stay in Davis I until they received their letters [to sue from the EEOC]." *Id.*

3

Although the Court is not bound by *Davis*, it finds its reasoning persuasive; and rejects Pearson's claims it is legally distinguishable from this matter. The claims Pearson brings in Pearson II were available to him when he filed Pearson I. All the facts Pearson relies on to support his ADA claim had already occurred when he filed Pearson I. He could have sought a stay in Pearson I while waiting to receive his right-to-sue letter from the EEOC to pursue his ADA claim. Therefore, the Court will overrule Pearson's first objection.

Second, Pearson objects to the Magistrate Judge's opinion he failed to establish his "ADA claim is a different cause of action than his previous FMLA claim." Objections 3. The Court is unable to agree with Pearson.

Pearson argues his claims in Pearson II are distinguishable from Pearson I inasmuch as they involve neither the same type of wrongdoing, the same category of adverse-employment action, nor the same type of injuries. Objections 3-4. But, these differences are immaterial for the purpose of determining whether Pearson I and Pearson II arise out of different causes of action.

"The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel v. United States*, 369 F.3d at 355. Consequently, "a single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Id*. (citation omitted) (internal quotation marks omitted) (alteration omitted).

Here, as already noted, Pearson's claims in Pearson I and Pearson II both arise out of the same events: "his injury in June 2016 and [Owens Electric's] subsequent actions with regard to his

4

employment." Report 4. Put differently, Pearson's claims in Pearson I and Pearson II "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel v. United States*, 369 F.3d at 355. Therefore, Pearson I and Pearson II arise out of the same cause of action. Consequently, the Court will also overrule Pearson's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Pearson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Owen Electric's motion to dismiss is **GRANTED**.

In the closing paragraphs of Pearson's objections, he requests the Court allow him to file an amended complaint if it concludes his claims are barred by res judicata. It appears, however, for the reasons set forth above, any proposed amendment would be futile.

Furthermore, Pearson has neglected to file a motion for leave to amend. Fed. R. Civ. P. 7(b), however, provides a request such as this "must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Id*. Inasmuch as Pearson has failed to file an appropriate motion to amend, his request to amend is **DENIED**. *See Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008) (holding similar "requests did not qualify as motions for leave to amend[ ]" and holding the district court did not abuse its discretion "by declining to grant a motion that was never properly made.").

**IT IS SO ORDERED**.

Signed this 13th day of February, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

Before filing Pearson I, Pearson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on the ADA. The EEOC and the state deferral agency subsequently issued right-to-sue letters with regard to Pearson's ADA claims.

"By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, res judicata encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id*. (internal quotation marks omitted) (alteration omitted).