

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| LEROY PEARSON, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:18-946-MGL |
| | § | |
| OWEN ELECTRIC STEEL COMPANY OF | § | |
| SOUTH CAROLINA, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO RECONSIDER**

**I.     INTRODUCTION**

Plaintiff Leroy Pearson (Pearson) filed this job discrimination action against Defendant Owen Electric Steel Company of South Carolina (Owen Electric), his former employer. The Court has federal question jurisdiction over the lawsuit under 28 U.S.C. § 1331. The matter is before the Court for consideration of Pearson's motion to reconsider (motion) the Court's Order granting Owen Electric's motion to dismiss.

Having carefully considered the motion, the response, the reply, the record, and the relevant law, the Court will deny the motion.

**II.    PROCEDURAL HISTORY**

In June of 2017, Pearson filed a lawsuit against Owen Electric claiming a violation of the federal Family Medical Leave Act (FMLA) and the state workers' compensation statute. *See*

*Pearson v. Owen Electric Steel Co. of S.C.*, C/A No. 3:17-1943-MBS (*Pearson I*). The allegations in *Pearson I* arise from an injury Pearson sustained in June of 2016 and Owen Electric's employment actions following his injury. On January 12, 2018, Judge Seymour dismissed *Pearson I* with prejudice.

This lawsuit, *Pearson II*, is based on Owen Electric's alleged violations of the Americans with Disabilities Act (ADA). The Magistrate Judge recommended Owen Electric's motion to dismiss be granted on the basis this action is barred by the doctrine of *res judicata*. The Court accepted the Magistrate Judge's suggestion, granted Owen Electric's motion to dismiss, and entered judgment in favor of Owen Electric.

Thereafter, Pearson filed this motion. Owen Electric then filed its response in opposition, and Pearson filed it's reply. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Pearson's motion.

### III. DISCUSSION AND ANALYSIS

#### A. *Whether Pearson's motion falls under Rule 54(b) or 59(e)*

Pearson argues the Court should consider his motion as a Fed. R. Civ. P. 54(b) motion. Owen Electric, however, contends it is a Fed. R. Civ. P. 59(e) motion. Owen Electric is correct.

Rule 54(b) provides, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Consequently, Rule 54(b) applies to interlocutory orders.

The Court's Order granting Owen Electric's motion to dismiss, however, was not an interlocutory order. It was, instead, a final order, which disposed of all of Pearson's claims against Owen Electric. As such, when the Court filed its Order granting Owen Electric's motion to dismiss, it contemporaneously entered final judgment in favor of Owen Electric.

Rule 59(e), which is titled "Motion to Alter or Amend Judgment[,]" applies to final judgments. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir.1991). Because Pearson is asking the Court to alter or amend its final judgment, the Court will construe his motion as having being brought under Rule 59(e).

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

### B.   *Whether Pearson's ADA claims are distinguishable from his prior claims*

Pearson contends "*Pearson I* and *Pearson II* do not involve the same type of wrongdoing, did not result in the same type of adverse-employment action, and did not result in the same type of injuries." Motion at 7. This is the same argument he made in his objections

3

to the Report. Thus, the Court will provide the same explanation here as to why it rejected the argument.

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345,354–55 (4th Cir. 2004). "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. at 354 (citation omitted) (internal quotation marks omitted) (alteration omitted).

"The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Id.* at 355. Consequently, "a single cause of action can manifest itself into an out pouring of different claims, based variously on federal statutes, state statutes, and the common law." *Id*. (citation omitted) (internal quotation marks omitted) (alteration omitted).

Here, Pearson's claims in *Pearson I* and *Pearson II* both arise out of the same events: "his injury in June 2016 and [Owen Electric's] subsequent actions with regard to his employment." Report 4. Put differently, Pearson's claims in *Pearson I* and *Pearson II* "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355. Therefore, Pearson's ADA claims in *Pearson II* are indistinguishable from his prior claims in *Pearson II* such that his ADA claims in this lawsuit are barred by the doctrine of *res judicata*.

**C.**     ***Whether Pearson could have brought his ADA claims when he filed Pearson I***

Pearson maintains the Court erred in holding he could have brought his ADA claims in *Pearson I*. According to Pearson, he was unable to bring his ADA cause of action because he was waiting on his right to sue letter from the Equal Employment Opportunity Commission (EEOC). A right to sue letter is a condition precedent to filing an ADA claim. *See* 42 U.S.C. § 2000e–5(f)(1). Pearson's contention lacks merit.

As the Court has already observed, "Pearson's Complaint in *Pearson II* shows that his ADA claims are based on the same transaction or series of transactions as his claims in *Pearson I*—his injury in June 2016 and [Owen Electric's] subsequent actions with regard to his employment." Report 4. In fact, Pearson admits the events in the *Pearson I* and *Pearson II* "occurred during a similar time period." Pearson's Response to Owen Electric's Motion to Dismiss 6.

Job discrimination "claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing [the applicable] administrative remedies nor attempted to amend their complaint to include [all of their job discrimination] claims." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714–15 (C.A. 9 2001). "[A] plaintiff who brings a [job discrimination] action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (C.A. 5 2004) (citation omitted) (internal quotation marks omitted).

Inasmuch as Pearson's ADA claims "arose from the same nucleus of operative facts as the claims in [*Pearson I*] and they predate that action, [Pearson was] on notice to include those claims in [*Pearson I*]. *Id*. "To prevent [his ADA] claims from being precluded, [he] could have requested a stay in [*Pearson I*]" until he received his right to sue letter. *Id.*

### D. Whether the Court should grant Pearson's request to amend his complaint

Pearson maintains the Court erred in denying his request to amend his complaint. In support, he states his ADA "claims are not barred by the doctrine of *res judicata*, and he should be granted leave to amend his Complaint to cure any deficiencies as identified by this Court." Motion at 8. The Court disagrees.

The Court may deny a party's request to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile."). Inasmuch as the Court has concluded Pearson's ADA claims are, in fact, barred by the doctrine of *res judicata*, the Court concludes any amendment to his complaint would be futile.

### IV. CONCLUSION

For the foregoing reasons, Pearson's Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 21st day of November, 2019, in Columbia, South Carolina.

                                            s/ Mary G. Lewis
                                            MARY G. LEWIS
                                            UNITED STATES DISTRICT JUDGE